CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

TOUTON FAR EAST PTE LTD.,

                     Plaintiff,

    v.

SHIVNATH RAI HARNARAIN (INDIA) LTD.,

                     Defendant.

--------------------------------------------------------------X

08 CV _____

**VERIFIED COMPLAINT**

       Plaintiff TOUTON FAR EAST PTE LTD. (hereinafter "TOUTON") by its attorneys, as

and for its Verified Complaint against the Defendant SHIVNATH RAI HARNARAIN (INDIA)

LTD. (hereinafter "SHIVNATH"), alleges upon information and belief as follows:

JURISDICTION

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime

jurisdiction pursuant to 28 U.S.C. § 1333.

2.     The Court also has jurisdiction pursuant to 9 U.S.C. § 1, et seq. and 9 U.S.C. §

201, et seq.

THE PARTIES

2.     At all times material hereto, Plaintiff TOUTON was and still is a foreign business

entity duly organized and existing pursuant to the laws of a foreign country with an office and

principal place of business in Singapore.

3.    The plaintiff TOUTON is engaged in business as buyers, sellers and shippers of grain and other agricultural products. They are also charterers of vessels.

4.    At all times material hereto, Defendant SHIVNATH was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with offices at B-16 Bhagwan Dass Nagar, New Delhi – 110026, India.

5.    The Defendant SHIVNATH is a seller of grain products and is responsible for chartering and nominating a vessel by which grain products that it purchased would be shipped.

FIRST CAUSE OF ACTION
FOR BREACH OF MARITIME CONTRACT

6.    On or about August 22, 2006, TOUTON, as buyers, and SHIVNATH, as sellers entered into a contract (hereinafter "the 21/22 Contract ") for the purchase, ocean transportation and delivery of 52,500 metric tons of Indian Soyabean Meal Solvent Extracted.  Delivery under the 21/22 Contract was to take place at SHIVNATH's option during November 1, 2006 through November 20, 2006 and then between December 1, 2006 through December 20, 2006.

7.    On or about September 23, 2006, TOUTON, as buyers, and SHIVNATH, as sellers entered into a contract (hereinafter "the 030 Contract ") for the purchase, ocean transportation and delivery of 25,000 metric tons of Indian Soyabean Meal Solvent Extracted. Delivery under the 030 Contract was to take place at SHIVNATH's option during January 1, 2007 through January 20, 2007.

8.    On or about September 23, 2006, TOUTON, as buyers, and SHIVNATH, as sellers entered into a contract (hereinafter "the 041 Contract") for the purchase, ocean transportation and delivery of 26,000 metric tons of Indian Soyabean Meal Solvent Extracted. Delivery under the 041 Contract was to take place at SHIVNATH's option during March 6, 2007 and March 25, 2007.

9.     Pursuant to the terms and conditions of the these contracts, the parties agreed to, among other things, the proper discharge rate for the carrying vessels, the price of the cargo based on discharge port, payment of a fee for late shipment, an automatic extension of the shipment period subject to a late shipment penalty.

10.     In addition, pursuant to these contracts, the parties agreed that all disputes arising under the contracts would be subject to English law and heard before arbitrators in London.

11.     These three contracts, respectively, between TOUTON and SHIVNATH are maritime contracts, involving the transportation of cargo by ocean-going vessels.

12.     In accordance with these maritime contracts, on or about October 28, 2006, SHIVNATH nominated the M/V RAINBOW to transport the first shipment, with an estimated delivery time of November 13th to 16th at the port of Kandla, India.

13.     After several communications between TOUTON and SHIVNATH, SHIVNATH informed TOUTON that the shipment would not be delivered until December, 2006.

14.     On or about November 14, 2006, TOUTON confirmed the late delivery, and acknowledged that late delivery fees would be incurred by SHIVNATH.

15.     Through December, 2006, no vessel was provided by SHIVNATH for performance of the 21/22 Contract.

16.     By January 31, 2007, no performance had occurred on either the 21/22 Contract or the 030 Contract, and TOUTON commenced arbitration proceedings in accordance with those two contracts. By March 15, 2007, SHIVNATH had clearly indicated to TOUTON that it would not perform the 041 Contract, and TOUTON commenced arbitration proceedings in accordance with that contract.

17.    To date, SHIVNATH has failed to provide any vessels or deliver any cargo in accordance with the terms and conditions of the maritime contracts, and arbitration has commenced between the parties.

18.    The failure by SHIVNATH to nominate and/or provide any vessels and deliver any cargo was a direct breach of the maritime contracts.

19.    As previously indicated above, the maritime contracts provide that any disputes arising under the maritime contracts are subject to resolution under English Law and determination by a London arbitration panel, none of which is deemed waived.

20.    Furthermore, the award of fees and costs is allowed under applicable foreign law and is regularly awarded in maritime matters such as the subject dispute.

21.    Arbitrators, on May 15, 2008, issued arbitration awards in respect of the 021/22 Contract, the 030 Contract and the 041 Contract, and have held that SHIVNATH is to pay TOUTON an amount of US$8,640,094.29, which includes interest, costs, and fees. TOUTON's claims in respect of the 021/22 Contract and the 030 Contract succeeded at first instance and TOUTON was awarded US$6,077,469.18 for the 021/22 Contract and US$2,553,087.41 for the 030 Contract. TOUTON's claim in respect of the 041 Contract did not succeed at first instance but TOUTON was awarded reimbursement of the advance on arbitration costs of US$9,537.70 paid on behalf of SHIVNATH.

22.    GAFTA arbitration awards are subject to a right of appeal and SHIVNATH has appealed to the GAFTA Board of Appeal in respect of the awards under the 021/22 Contract and the 030 Contract, which held in TOUTON's favor. TOUTON has appealed to the GAFTA Board of Appeal in respect of the award under the 041 Contract, which held in SHIVNATH's favor. The effect of these appeals is that the three GAFTA first instance awards will be suspended and

superseded by GAFTA appeal awards, which will potentially confirm the awards in respect of the 021/22 Contract and the 030 Contract and overturn the award in respect of the 041 Contract SHIVNATH has not paid any sum awarded to TOUTON, nor has SHIVNATH posted any bond or other alternate security in respect of the prospective appeal awards under the 021/22 Contract, the 030 Contract and the 041 Contract.

PRAYER FOR RELIEF

23.     Notwithstanding the fact that the liability of SHIVNATH is subject to a determination by a foreign arbitration appeal panel, there are now, or will be during the pendency of this action, certain assets, accounts, freights, hire payments, monies, charter hire, credits, effects, CHIPS credits, electronic fund transfers, payments for bunkers, goods or services, bills of lading, cargo, debts and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

24.     Plaintiff believes that some of these assets, in bank accounts and/or as funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO Bank, American Express Bank, Ltd., Bank of America, Bank of India, Bank of New York, Citibank NA, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Standard Chartered Bank, State Bank of India, UBS AG, Wachovia Bank, CHIPS, and possibly other banks or financial institutions located in New York.

25.     As set forth in the accompanying declaration of Timothy Semenoro, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

26.     Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

27.     In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment of an additional sum to cover awardable attorneys' fees, interest and costs which are recoverable pursuant to foreign law.

28.     Plaintiff's aggregate claim against the Defendant amounts to US$11,938,142.29 which is comprised of the underlying claim and awardable interest, costs, and fees.

WHEREFORE, Plaintiff prays as follows:

A.     That the Defendant be summoned to appear and answer this Verified Complaint;

B.     That the Defendant not being found within this District, as set forth in the Declaration of Timothy Semenoro, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.     That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or a foreign court, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, i.e. US$11,938,142.29, and that a judgment of

condemnation and sale be entered against the property arrested and attached herein in the amount

of Plaintiffs claim, plus costs to be paid out of the proceeds thereof; and

     D.    That Plaintiff has such other and further relief as the Court may determine to be

just and proper under the circumstances.

Dated: Port Washington, New York
      June 12, 2008

                                     CHALOS, O'CONNOR & DUFFY, LLP
                                     Attorneys for Plaintiff

                By:

                                     _____
                                     Eugene J. O'Connor (EO-9925)
                                     Timothy Semenoro (TS-6847)
                                     366 Main Street
                                     Port Washington, New York 11050
                                     Tel:  (516) 767-3600 / Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600 / Fax:  (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TOUTON FAR EAST PTE LTD.

                    Plaintiff,

       v.

SHIVNATH RAI HARNARAIN (INDIA) LTD.,

                    Defendant.
-------------------------------------------------------------X

08  CV  _____

**VERIFICATION OF
COMPLAINT**

Pursuant to 28 U.S.C. § 1746, TIMOTHY SEMENORO, Esq., declares under the penalty

of perjury:

    1.     I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the

Plaintiff TOUTON FAR EAST PTE LTD. herein;

    2.     I have read the foregoing complaint and knows the contents thereof; and

    3.     I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its underwriters and attorneys. The

reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is

a foreign corporation, whose officers are not in this district, and whose verification cannot be

obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       June 12, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff

By:

Timothy Semenoro (TS-6847)
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600 / Fax:  (516) 767-3605

2